JUDGE CAPRONI

15 CV 02842

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X  Case No.

JESSENIA MALDONADO,

                Plaintiff,                            **COMPLAINT**

    - against -

THE BOSTANY LAW FIRM, PLLC, and
JOHN PETER BOSTANY, *Individually*,

                Defendants.

-------------------------------------------------------------X

**PLAINTIFF DEMAND A TRIAL BY JURY**

RECEIVED
APR 13 2015
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff JESSENIA MALDONADO, by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complain of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff bring this action against Defendants pursuant to the <u>Fair Labor Standards Act</u>, 29 U.S.C. §201 *et seq.* ("FLSA") and the <u>New York State Labor Law, Articles 6 & 19</u> ("NYLL") for failure to pay wages due and owed for hours worked, and seek to recover unpaid wages, and an additional amount as liquidated damages, reasonable attorneys' fees and costs. **Defendants required Plaintiff to work come into work, but failed to pay Plaintiff for the hours she worked.**

2. Plaintiff also complains pursuant to the <u>New York City Human Rights Law</u>, New York City Administrative Code § 8-502(a), *et. seq.* ("NYCHRL"), and seek damages to redress the injuries Plaintiff have suffered as a result of being **sexually harassed, discriminated against,** and **retaliated against** by her potential employer solely due to her **gender**

**(female).**

## JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216 (b)) and 28 U.S.C. §§ 1331 and 1343.

4. The Court has supplemental jurisdiction over the claims of Plaintiff brought under city law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as Defendants reside within the Southern District of New York, and the acts complained of occurred therein.

## PARTIES

6. That at all times relevant hereto, Plaintiff JESSENIA MALDONADO ("MALDONADO") is a resident of the State of New York and County of Kings.

7. That at all times relevant hereto, Defendant THE BOSTANY LAW FIRM, PLLC ("BOSTANY PLLC") is a domestic professional service limited liability company, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 40 Wall Street, New York, New York 10005.

8. That at all times relevant hereto, Plaintiff was a candidate for employment of Defendant BOSTANY PLLC.

9. Plaintiff is an attorney admitted to practice law in the State of New York, the United District Courts in both the Eastern and Southern Districts.

10. Upon information and belief, at all times material, Defendant JOHN PETER BOSTANY ("BOSTANY") was and is an individual residing in the State of New York.

11. That at all times relevant hereto, Defendant BOSTANY was an employee of Defendant

2

BOSTANY PLLC, holding the position of "Owner/Partner."

12. Defendant BOSTANY, upon information and belief, is an attorney admitted to practice law in the State of New York.

13. That at all times relevant hereto, Defendant BOSTANY was Plaintiff' supervisor and/or had supervisory authority over Plaintiff including the authority to hire, fire and/or effect the terms and conditions of her employment.

14. Defendant BOSTANY PLLC, and Defendant BOSTANY are collectively referred to herein as "Defendants."

15. The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work. As a result, including as further described below, all Defendants are liable as "employers" under the FLSA.

16. Defendants are also jointly and severally liable as joint employers under 29 C.F.R. § 791.2 for the violations complained of herein.

17. At all times material, Defendants did, and continue to do, substantial business in New York, and engage in commerce or the production of goods for commerce within the meaning of the FLSA.

18. Upon information and belief, for each of the three (3) years preceding the filing of the initial complaint herein, Defendants have employed two (2) or more individuals "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce."

19. Upon information and belief, Defendants grossed more than $500,000.00 in the past fiscal year.

20. Defendants having failed to remit any payment for the hours actually worked by Plaintiff, Defendants have not paid Plaintiff at or above the minimum wage.

## MATERIAL FACTS

21. At all times relevant hereto, Plaintiff was qualified for the position for which Defendants were seeking applicants.

22. However, throughout the employment application process, **Defendants consistently and continuously subjected Plaintiff to sexual harassment and discrimination solely due to Plaintiff' gender (female)**, creating an extremely hostile and intimidating work environment.

23. On or about July 16, 2014, Plaintiff MALDONADO applied and responded to a job posting to work with the Defendants as an "Attorney," expecting to earn approximately $70,000 per year.

24. On or about July 16, 2014, Defendants contacted Plaintiff and scheduled an initial interview for July 17, 2014.

25. On or about July 17, 2014, Plaintiff attended an interview at Defendant BOSTANY PLLC's place of business. During said interview Defendant BOSTANY was present as the sole interviewer.

26. At the conclusion of the interview, Defendant BOSTANY thanked Plaintiff and proceeded to shake hands with Plaintiff. While Defendant BOSANY clutched onto Plaintiff's hand, he leaned into Plaintiff personal space, leaving only about an inchbetween their bodies. Defendant BOSTANY's physical presence so dominated Plaintiff's personal space that she could uncomfortably feel his body heat.

27. Plaintiff MALDONADO felt extremely nervous and uncomfortable in the way Defendant BOSTANY shook her hand. Plaintiff understood this to be unwanted sexual advance but believed that by stepping back from Defendant and taking back her hand that she had made her rejection to his advances clear.

28. On or about July 21, 2014, Defendant BOSTANY emailed Plaintiff and indicated that he was interested in having Plaintiff continue the Attorney application process and invited Plaintiff to come in for a paid work interview.

29. Defendant BOSTANY scheduled a work interview for July 22, 2014. Plaintiff was expected to work from 11 a.m. to 5 pm with a 30-minute break for lunch. Defendant BOSTANY agreed to pay Plaintiff $20 per hour for the work interview day.

30. Although Plaintiff felt uncomfortable with the way Defendant BOSTANY shook her hand, she was unemployed and looking for permanent work. Therefore Plaintiff accepted Defendant BOSTANY's offer to come in for a work interview. Plaintiff did not believe that Defendant BOSTANY would further "cross the line" of professionalism.

31. On or about July 22, 2014, Plaintiff attended a work interview at the Defendants' place of business. Although timely, Plaintiff waited in the reception area until approximately 11:30 am, where Plaintiff initially met with Dennison D. Marzocco. Mr. Marzocco gave Plaintiff a tour of Defendant's office and showed Plaintiff how to use the Defendants' computer system.

32. Plaintiff did not meet with Defendant BOSTANY until sometime after 12:00 pm. During said meeting, Defendant BOSTANY gave Plaintiff two assignments to complete and discussed with Plaintiff the Defendants' practice protocols. This meeting lasted for approximately 20 minutes.

33. At the conclusion of said meeting, Defendant again shook hands with Plaintiff. Again, Defendant BOSTANY held on to Plaintiff's hand and while still clutching onto Plaintiff's hand stepped into Plaintiff personal space, leaving only a couple inches between their bodies.

34. Once more, Plaintiff MALDONADO felt extremely nervous and uncomfortable in the sexually harassing manner in which Defendant BOSTANY shook her hand.

35. After the conclusion of that meeting Plaintiff immediately went to work on the assignments given to her by Defendant BOSTANY in accordance to Defendants' practice protocols.

36. At around 1:30pm, Plaintiff took her 30-minute lunch break and returned to the office at 2pm.

37. Upon Plaintiff's return from her lunch break, she continued to work on the assignment given to her. At that time, Defendant BOSTANY walked into the office and indicated that he was forced to abbreviate the work interview because he had to run to an emergent client meeting that was just scheduled and indicated that he would contact Plaintiff that evening to reschedule the interview workday for another time.

38. At this time, Plaintiff only had the opportunity to work on the assignments for approximately one hour, despite being in the office for 3 hours.

39. At the conclusion of the conversation, Defendant BOSTANY was preparing to leave the office and walked up behind Plaintiff, as she sat at her desk facing the computer. Defendant BOSTANY placed his left hand upon Plaintiff's left shoulder and suggestively caressed Plaintiff's left shoulder. Feeling completely degraded by Defendant's unwelcomed touch, Plaintiff immediately jerked forward ceasing contact by the

6

Defendant.

40. Defendant BOSTANY was put off by Plaintiff's reaction to his touch and gave Plaintiff a despondent look and left the office.

41. On or about July 22, 2014, Defendant BOSTANY emailed Plaintiff and informed her "it didn't work out" and did not reschedule the work interview as promised.

42. Defendant BOSTANY failed to pay Plaintiff for the hours worked during the work interview.

43. **Defendant BOSTANY's failure to hire Plaintiff is a result of her rejection of his sexual advances.** In fact, the position has remained open as late as October 22, 2014.

44. The reason for Defendant BOSTANY's failure to hire Plaintiff MALDONADO was undoubtedly **pretextual,** as Defendants suspiciously indicated that "it didn't work out" for the first time only after Plaintiff's rejection of Defendant BOSTANY's sexual harassment.

45. It is rather obvious that Defendants failure to hire Plaintiff MALDONADO was in retaliation for rejecting Defendant BOSTANY's sexual harassing behavior and discrimination, **as she was not allowed to complete her work interview.**

46. **Based on Defendants' discriminatory and sexually harassing treatment of Plaintiff, it is clear that Defendants discriminated against Plaintiff solely due to her gender.**

47. **Upon information and belief, Defendant BOSTANY has sexually harassed other female employees and/or prospective employees in the past.**

48. But for the fact that Plaintiff is female, Defendants would not have treated her differently and would not have sexually harassed her.

49. Plaintiff feels offended, disturbed, and humiliated by the blatantly unlawful

discrimination.

50. It's clear that Defendants discriminated against Plaintiff solely due to her gender, as Defendant BOSTANY only behaved in a sexually harassing manner to the female employees and never spoke in such a manner to any similarly situated male employee.

51. Furthermore, Defendants also failed to pay Plaintiff for hours worked.

52. Upon information and belief, Defendant BOSTANY has a pattern and practice of preying on female employees, making unwanted sexual advances and retaliating against them once rejected.

53. Defendants' failure to pay Plaintiff the proper wages required by law was and is willful.

54. Throughout all relevant time periods, upon information and belief, Defendants failed to post in a conspicuous place at the workplace and/or to keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and the NYLL.

55. Defendants have thus deprived Plaintiff of any information or understanding of their rights under federal and state overtime laws.

56. Plaintiff has been unlawfully discriminated against, retaliated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

57. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

58. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

59. The above are just some of the acts of sexual harassment, discrimination, and retaliation that Plaintiff experienced on a regular and continual basis during the employment application process.

60. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and have also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

61. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

62. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## MINIMUM WAGE

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

62. Defendants willfully employed Plaintiff in the aforementioned enterprise and failed to compensate Plaintiff at the required minimum hourly rate for her employment.

63. Defendants' failure to pay Plaintiff the mandated minimum hourly pay in accordance with the Act was a direct violation of the Act, specifically 29 U.S.C. § 206.

64. Defendants' failure to pay proper minimum wages for each hour worked was willful within the meaning of 29 U.S.C. § 255.

Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO MAKE TIMELY PAYMENT OF WAGES

9

65. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

66. Defendants failed to pay Plaintiff timely wages as required by the Fair Labor Standards Act, 29 U.S.C. §201 et seq., and its implementing regulations.

67. Defendants' failure to pay the required timely wages was willful within the meaning of 29 U.S.C. §255.

68. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

## AS A THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## VIOLATION OF NEW YORK LABOR LAW § 652(1)
## MINIMUM WAGE

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

70. Plaintiff was an employee of Defendants within the meaning of New York Labor Law.

71. Defendants failed to pay Plaintiff the required minimum hourly wage rate for one hour of work.

72. Defendants violated Plaintiff's right to minimum wage pay under § 652(1); New York Labor Law, Article 19.

73. Defendants also violated New York's Minimum Wage Order of 12 NYCRR Part No. 142.

74. On account of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

75. Defendants' actions were willful.

76. Defendants' failure to comply with the New York State Labor Law and New York's

Minimum Wage Order caused Plaintiff to suffer loss of wages.

## AS A FOURTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW

### FAILURE TO MAKE TIMELY PAYMENT OF WAGES (For Non-Manual Laborer)

77. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

78. Defendants failed and refused to pay Plaintiff "not less frequently than semi-monthly, on regular pay days designated in advance by the employer," in violation of New York Labor Law § 191(1)(d).

79. Pursuant to NYLL § 191(2), "No employee shall be required as a condition of employment to accept wages at periods other than as provided in this section."

80. Pursuant to NYLL § 191(3), "If employment is terminated, the employer shall pay the wages not later than the regular pay day for the pay period during which the termination occurred, as established in accordance with the provisions of this section."

81. Due to Defendants' New York Labor Law violations, Plaintiff has been damaged in amount as yet undetermined and is entitled to liquidated damages, reasonable attorneys' fees and costs.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

82. Plaintiff repeat, reiterate and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

83. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful

discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

84. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of their gender (sexual harassment).

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

85. Plaintiff repeat, reiterate and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

86. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

87. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

88. Plaintiff repeat, reiterate and reallege each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

89. The New York City Administrative Code Title 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

90. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(7) by discriminating against Plaintiff because of Plaintiff' opposition to the unlawful employment practices of Plaintiff' employer.

### AS A EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

91. Plaintiff repeat, reiterate and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

92. New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

93. Defendants violated the section cited herein as set forth.

### AS A NINTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

94. Plaintiff repeat, reiterate and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

95. New York City Administrative Code Title 8-107(13) Employer liability for

discriminatory conduct by employee, agent or independent contractor.

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

      1. the employee or agent exercised managerial or supervisory responsibility; or

      2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

      3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

   c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such

conduct.

96. Defendants violated the section cited herein as set forth.

## AS AN TENTH CAUSE OF ACTION FOR PUBLIC ACCOMMODATION DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

97. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

98. New York City Administrative Code § 8-107(4)(a) states, "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived race, creed, color, national origin, age, gender, disability, marital status, partnership status, sexual orientation or alienage or citizenship status of any person directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof, or, directly or indirectly, to make any declaration, publish, circulate, issue, display, post or mail any written or printed communication, notice or advertisement, to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of race, creed, color, national origin, age, gender, disability, marital status, partnership status, sexual orientation or alienage or citizenship status or that the patronage or custom of any person belonging to, purporting to be, or perceived to be, of any particular race, creed, color, national origin, age, gender, disability, marital status, partnership status, sexual orientation or alienage or citizenship status is unwelcome, objectionable or not acceptable, desired or solicited.

99. Defendants have violated these sections of the law as cited herein and set forth.

100. As a direct result of the foregoing, Plaintiff have been significantly damaged.

## AS A ELEVENTH CAUSE OF ACTION
## FOR ASSAULT AND BATTERY

101. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

102. Defendant BOSTANY intended to make physical contact with Plaintiff, without Plaintiff's consent.

103. Plaintiff believed that Defendant BOSTANY would make physical contact with her, without her consent, as Defendant abruptly approached Plaintiff.

104. Defendant BOSTANY made unlawful and unwelcomed physical contact with Plaintiff, without her consent.

105. As a direct result of the foregoing, Plaintiff has suffered severe emotional distress.

## JURY DEMAND

106. Plaintiff request a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully request a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful practices prohibited by Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the New York State Labor Law, and the New York City Administrative Code, §8-107 *et. seq.*, in that Defendants sexually harassed, retaliated against, and discriminated against Plaintiff on the basis of their gender;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make them whole for any losses

suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to their reputation in an amount to be proven;

D. Declaring that Defendants' violations of wage and overtime wage protections were willful;

E. Granting judgment to Plaintiff for their claims for unpaid wages as secured by the FLSA as well as an equal amount in liquidated damages;

F. Granting judgment to Plaintiff for their claims for unpaid wages as secured by the NYLL, as well as an equal amount in liquidated damages and interest;

G. Awarding Plaintiff punitive damages;

H. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

I. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
April 13, 2015

PHILLIPS AND ASSOCIATES
ATTORNEYS AT LAW, PLLC

By: _____
Marjorie Mesidor
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431
