UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X   Case No.15 CV 3400
THE BOSTANY LAW FIRM, PLLC,

        Plaintiff,

- against -

JESSENIA MALDONADO

        Defendant
---------------------------------------------------------------X   Case No. 15 C 2842
JESSENIA MALDONADO,

        Plaintiff,
-against-

THE BOSTANY LAW FIRM PLLC, and JOHN
PETER BOSTANY, Individually,

        Defendants.
---------------------------------------------------------------X

## DECLARATION OF MARJORIE MESIDOR IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS

Marjorie Mesidor, an attorney admitted to practice in the State of New York, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, as follows:

1.     I am the attorney of record for Jessenia Maldonado in the above-captioned action. As such, I am familiar with the facts and circumstances concerning the prosecution of this action, and I submit this Declaration in support of plaintiff's application, pursuant to 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 54(d), for an order awarding plaintiff attorney's fees and costs as the prevailing party in this litigation.

### ATTORNEY BACKGROUND AND EXPERIENCE

2. I am Lead Counsel at Phillips & Associates with offices at 45 Broadway, Suite 620, New York, New York 10006.

3. Our firm is dedicated to defending employee rights in the workplace. The firm specializes in bringing employment discrimination and wage hour actions to vindicate the rights of employees. I have been litigating cases for ten years.

4. I graduated from Touro Law School in 2004. After graduation, I became a Judicial Law Clerk at the Superior Court of New Jersey, Essex Vicinage ("New Jersey Courts"). After leaving the Superior Court, I joined Paul, Weiss, Rifkind, Wharton and Garrison, LLP ("Paul Weiss"), where I was an attorney in the Litigation Department for two and half years. I then became a civil rights attorney at the Law Offices of Frederick K. Brewington, under the tutelage of Fredrick Brewington, one of the most respected civil rights attorneys in the Eastern District. I remained there for two and half years. Finally, I became Lead Counsel at Phillips and Associates in 2011 work exclusively on employment discrimination and wage hour matters.

5. I am a member of the New York and Connecticut state bars. I am also a member of the bar of the United States District Courts for the Southern and Eastern Districts of New York, the Second Circuit Court of Appeals and the United States Supreme Court.

6. In the past four years, I have litigated over 130 employment discrimination, civil rights and wage hour cases in the Southern and Eastern Districts of New York.

7. Within the past two years I have resolved over seventy cases and achieved Plaintiff's verdicts in a gender discrimination and retaliation arbitration and race discrimination and retaliation trial.

8. The clients that I represent in employment cases typically can only afford to retain an attorney on a contingency basis, and almost all of my cases are handled that way. I do not receive an initial retainer from any of my clients, nor do any of them make even a token contribution to litigation expenses.

9. The firm is compensated either based upon a percentage of any judgment, settlement, or through fee awards.

10. The firm bears all the costs of litigation while the case is pending, and we often release the client from any obligation to pay for expenses which have been advanced if there is no recovery.

11. Employment cases are extremely risky and involve complex issues of law. Since the chance of losing is high, I and other civil rights lawyers in New York depend on the availability of a full "lodestar" recovery if we do prevail. *See* Perdue v. Kenny A., 130 S. Ct. 1662 (2010) ("the 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence.").

**THE COURSE OF THIS LITIGATION**

12. The firm formally took this case as plaintiff's attorney on or about October 2014, after signing a retainer agreement. At the onset, I vigorously prosecuted this matter. After a review of documentation of everything Ms. Maldonado provided to counsel, on or about November, 5 2014, a draft complaint and claim letter were drafted and sent to Defendants.

13. Thereafter, both sides agreed to hold a private mediation prior to Plaintiff Maldonado filing a complaint. On April 10, 2015 a mediation was held. It was unsuccessful.

14. That same day on April 10, 2015, Bostany filed a Summons with Notice.

15. On April 13, 2015 Bostany in bad faith filed a Complaint for a Declaratory Judgment in State Court for the court to determine that Maldonado was tendered payment for the wages due to her, and that the firm employed less than four employees at the time Maldonado interviewed at the firm.

16. On May 1, 2015, Jessenia Maldonado moved the Southern District for removal of the State Court action.

17. On May 12, 2015, Bostany filed a Motion for Summary Judgment. On May 26, 2015, Maldonado filed her opposition to Bostany's Motion for Summary Judgment. A reply was filed on June 2, 2015. The Court decided to reserve its decision on Bostany's Motion for Summary Judgment until after Maldonado filed a Motion for the Court to exercise supplemental jurisdiction.

18. On June 12, 2015, Maldonado filed a motion for this court to exercise supplemental jurisdiction. On July 10, 2015, a reply was filed.

19. Thereafter, Defendants have tried for a third time to rid Maldonado of her FLSA claim by filing a letter with the court for a fee application.

20. The Court granted Bostany's request for a fee application which is the basis of this motion.

21. I handled all of the motions that arose during the course of this litigation, and attended all of the court conferences in this matter.

22. Accordingly, plaintiff seeks attorneys' fees for all work performed from the time they began their representation in November, 2014 to date, as well as, for preparation of the instant fee application. I submitted contemporaneous, detailed time records specifying the work performed on this case. *See* Exhibit A.

23. If appropriate, plaintiff will also supplement this application at the time of filing a Reply brief on this motion for any other work that is thereafter necessitated. Plaintiff also seeks attorneys' fees as well as costs and expenses for work performed by Brittany A. Stevens and Candy Hernandez.

**NUMBER OF HOURS EXPENDED**

24. Plaintiff seeks compensation for a total of 69.10 hours all the work expended on this litigation to date. Attached as Exhibit A are contemporaneous time records reflecting the total amount of time spent on the underlying FLSA litigation and on this fee application through the date of this Declaration.

25. The undersigned spent a total of 25.7 hours on this litigation. At her hourly rate of $500, plaintiff is requesting $12,850 for her work.

26. This rate of $500 is reasonable given my experience. See Exhibit C, a transcript of a fairness hearing in which Honorable Sullivan found $500 an hour reasonable for my services.

27. Ms. Stevens spent a total of 38.15 hours on this litigation. At her hourly rate of $225.00, Ms. Stevens is requesting $8,583.75 for her work. See Exhibit D, the Declaration of Brittany Stevens.

28. Ms. Welch spent a total of .25 hours on this litigation. At her hourly rate of $225.00, Ms. Welch is requesting $56.25 for her work. See Exhibit E for the Declaration of Nicole Welch.

29. Ms. Cela spent a total of .9 hours on this litigation. At her hourly rate of $225.00, Ms. Cela is requesting $202.5 for her work. See Exhibit F for the affidavit of Dorina Cela.

30. Ms. Stevens, Ms. Welch and Ms. Cela are all associates of the firm whom I have relied upon heavily to assist me in litigation. Ms. Stevens contemporaneous time

records for work she performed in this litigation are included in the billing submissions from my firm, which are annexed hereto as Exhibit A.

## REASONABLE HOURLY RATES

31. I respectfully request compensation at the rate of $500 per hour. I believe that given my extensive experience in litigation, and in particular, in the field of employment discrimination litigation, my proposed billing rate is reasonable.

32. Courts in this district have approved hourly rates exceeding $500 for experienced civil rights attorneys. See, e.g., *Barbour v. The City of White Plains*, 07-CV 3014 (RPP), 2011 U.S. Dist. LEXIS 55796 at *21 (S.D.N.Y. May 24, 2011) (awarding a rate of $625 to an experienced civil rights attorney). *See also* Rozell v. Ross-Holst, et al., 05-CV-2936 (JGK)(JCF), 2008 U.S. Dist. LEXIS 41609 at *40 (S.D.N.Y. May 29, 2008) (awarding a rate of $600 for partners); Adorno v. Port Authority of N.Y. and N.J., 06-CV-593, 2010 U.S. Dist. LEXIS 14692 at *10 (S.D.N.Y. Feb. 19, 2010) (awarding $ 550 to an "experienced civil rights lawyer").

33. Attached hereto as Exhibit G is a survey of prevailing market rates for attorneys that was published in the National Law Journal in December 2012. The survey demonstrates that $500.00 per hour is actually lower than the range of "prevailing market rates in the relevant community," for experienced litigators in New York law firms. Perdue v. Kenny A., 130 S.Ct. 1662, 1672 (2010) (*quoting* Blum v. Stenson, 465 U.S. 886, 895 (1984)). The "relevant community" in this case is the Southern District of New York. According to the National Law Journal Survey, the average partner rate among New York firms reporting that figure is about $716.25 per hour. Top partner rates among New York law firms in the survey range between $350 and

$1200 per hour. The National Law Journal survey does not cover all law firms, and it is well known among attorneys at law firms in New York that many of the firms with the highest rates do not respond to the survey.

34. In addition, on or about September 20, 2013, the Honorable Richard J. Sullivan, USDJ approved attorneys' fees at the rate of $500.00 per hour for the legal services I provided, at a fairness hearing in an FLSA matter. (Exhibit C)

**EXPENSES**

35. In addition to Attorney's Fees, the Court shall allow a reasonable attorney's fees to be paid by the defendant, and costs of the action. As such, Maldonado is seeking costs in the amount of $2,366.89 Attached as Exhibit B is my firm's invoice totaling the expenses and costs that were spent in connection with this case

**CONCLUSION**

36. All of the time expended and expenses incurred were reasonable and necessary to properly represent plaintiff in this case. As set forth more fully in the accompanying Memorandum of Law, the hourly rates of plaintiff's attorneys are reasonable and conform to the prevailing market rates in this district. Plaintiff therefore respectfully submits that the full "lodestar" fee is warranted and should be awarded by this Court.

Dated: New York, New York
July 20, 2015

Respectfully submitted,

_____
Marjorie Mesidor, Esq.
Phillips & Associates, PLLC
45 Broadway, Suite 620
New York, NY 10006
(212) 248-7431
*Attorneys for Plaintiff*