```
                                                                       1
     D9krlazh
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   SVETLANA LAZOVSKAYA,
 3
 4              Plaintiff,
 4
 5         v.                               12 Civ. 7467 (RJS)
 5
 6   .MEDICAL STAFFING SERVICES,
 6   INC., et al.,
 7
 7                                          Fairness Hearing
 8              Defendants.
 8
 9   ------------------------------x
 9
10                                          New York, N.Y.
10                                          September 20, 2013
11                                          10:45 a.m.
11
12   Before:
12
13         HON. RICHARD J. SULLIVAN
14
14                                          District Judge
15
15
16         APPEARANCES
16
17
17   PHILLIPS & PHILLIPS
18        Attorneys for Plaintiff
18   BY:  MARJORIE MESIDOR
19
19
20   LAW OFFICES OF MARC D. FREEDMAN LLC
20        Attorneys for Defendant medical staffing services, Inc.
21   BY:  STEVEN M. FRIEDLAND
21
22
22   MICHAEL A. CARDOZO
23        Corporation Counsel for the City of New York
23        Attorney for Defendants
24   YUVAL RUBINSTEIN
24        Assistant Corporation Counsel
25
                   SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

```
                                                                      9
     D9krlazh
 1   don't know if you are aware, your Honor, is predominantly a
 2   contingency firm.  However, out of requirement because we have
 3   so many cases that go out to trial and we have to keep
 4   contemporaneous records, we do keep records of how many hours
 5   we put into a particular case for such a particular
 6   application.
 7             THE COURT:  That you indicate is about 16 hours?
 8             MS. MESIDOR:  That is correct, your Honor.
 9             THE COURT:  The hourly rate is sometimes hard to
10   compute for a firm that is largely a contingent firm.
11             MS. MESIDOR:  However, that $500 per hour rate is
12   within our retainer agreement.
13             THE COURT:  Does anybody ever actually pay it, or is
14   it just sort of a nominal number that is agreed to in the
15   retainer agreement?
16             MS. MESIDOR:  To answer your question accurately, I
17   would say no.  Here's why.
18             THE COURT:  You would say no, nobody ever pays it?
19             MS. MESIDOR:  Right.  Here's why.  When we do an
20   hourly rate, it is only in circumstances where we get a jury
21   award.  When we get a jury award and we do a fee application,
22   the court determines exactly what the hourly rate that we can
23   prove based on the level of experience of that particular
24   attorney.
25             So, even though contractually we say that it is $500
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                      10
     D9krlazh
 1   an hour, ultimately, as I am sure your Honor is aware, the
 2   court is the decider as to what is considered a reasonable fee
 3   for an attorney who is successful on the merits on an
 4   employment discrimination claim, which is the only type of
 5   cases that we actually do.
 6           THE COURT:  Sometimes firms like yours have paying
 7   clients and those clients do in fact fork over $500 an hour.
 8   Other times there are cases in which you win at trial or you
 9   win an summary judgment, you are entitled to attorney's fees,
10   and the court has to decide reasonable attorney's fees.
11           MS. MESIDOR:  Right.
12           THE COURT:  I think you have indicated that courts
13   have found $500 an hour for yourself or for comparable senior
14   attorneys --
15           MS. MESIDOR:  Comparable senior attorneys, your Honor.
16           THE COURT:   -- to be appropriate.
17           MS. MESIDOR:  That is correct.
18           THE COURT:  That seems a little high based on most of
19   the case law out there, but there certainly is precedent for
20   it.
21           33 percent is kind of standard for contingent fees.
22   It seems that more and more agreements are moving up to 40, and
23   that concerns me a bit, candidly.
24           MS. MESIDOR:  I believe 40 is the statutory maximum
25   for anything that is not considered a personal injury.  We have
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

```
                                                                   11
     D9krlazh
 1   queried our competitors, so to speak, and that seems to be the
 2   going rate.
 3            THE COURT:  In this area it seems to be the going
 4   rate.  I think it is getting a little high.  But I think in
 5   this case I will allow it because it is below what would be the
 6   lodestar rate and because I think this is a fair outcome.  I
 7   have been impressed with Ms. Mesidor in this case and in other
 8   cases where I have had her before me.  I think she is a very
 9   capable lawyer.  I am going to approve the $5500 in attorney's
10   fees here as fair.  That is not to say that in every case where
11   it is 40 percent I am going to do that, but I think in this
12   case it would be justified.
13            MS. MESIDOR:  Thank you, your Honor.  I appreciate
14   that.
15            THE COURT:  Is there anything else we should cover
16   today?
17            I don't really care whether you defendants think it is
18   fair.  No offense.  I don't mean it as snidely as it will read
19   in the record.  Obviously, the Court's scrutiny is from the
20   plaintiff's perspective, not from the defendants'.  The
21   presumption is employers are big boys and they know how to look
22   out for their own interests.  There is a presumption that
23   employees are a little more vulnerable.  Maybe that is outdated
24   as a notion.
25            But I am really here for you, Ms. Lazovskaya.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```